IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEMINI INSURANCE COMPANY,               CASE NO. 8:21-cv-02052-TPB-SPF

      Plaintiff,

vs.

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant.

_____/

## DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY'S, SUPPLEMENTAL MEMORANDUM

Defendant, ZURICH AMERICAN INSURANCE COMPANY ("ZAIC" or "Defendant"), by and through the undersigned counsel, hereby files its Supplemental Memorandum to address the issue of whether the Gemini policy is excess over the ZAIC policy, in accord with Court Order (D.E. 29), and in further support of ZAIC's Motion to Dismiss with Prejudice (D.E. 18) and states as follows:

1. ZAIC filed a Motion to Dismiss the Complaint by GEMINI INSURANCE COMPANY ("Gemini" or "Plaintiff") on the basis that Gemini has failed to state a claim upon which relief can be granted and lacks sufficient standing to bring its claim as a matter of law. *See* Motion to Dismiss with Prejudice (D.E. 18) filed on October 26, 2001.

2. ZAIC's Motion to Dismiss is in part based on the fact that the Gemini policy was a <u>primary</u> auto policy, and was only "excess" of a "retained limit" of $1

million, and not a "true excess" policy with scheduled underlying insurance.

3. The Court has ordered ZAIC to file a supplemental memorandum to address the specific issue of whether the Gemini policy is excess over the ZAIC policy. *See* Order (D.E. 29) entered on March 30, 2022.

4. As will be addressed further below, the Gemini policy is not excess over the ZAIC policy, as it is a true primary policy and the operative "other insurance" clauses in the ZAIC and Gemini policies are mutually repugnant and thereby call for *pro rata* apportionment.

## <u>MEMORANDUM OF LAW</u>

### A. <u>Choice of Law</u>

With regard to the law that applies to an insurance policy, Florida conflict-of-law rules dictate that in the absence of a contractual provision specifying the governing law courts should apply *lex loci contractus*, the law of the state where the contract was made, to questions of insurance contracts. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1059 (11th Cir. 2007)(applying Florida law). The *locus contractus* under Florida law may be, among others, the state where the insured executed the insurance application, or where the binder was delivered, or where the policy was delivered. *Pierce v. Prop. & Cas. Ins. Co. of Hartford*, 303 F. Supp. 3d 1302, 1305 (M.D. Fla. 2017).

Here, the Declarations Page of the Gemini policy reflects that the policy was issued to its named insured, FSR Trucking Inc in West Palm Beach, Florida. *See* Gemini Policy, D.E. 1-3, Page 2 of 44, PageID 37. Accordingly, Florida law governs interpretation and application of the Gemini policy.

2

The Declarations Page of the ZAIC policy reflects that the policy was issued to its named insured, "Commercial Trailer Leasing" in Roseland, New Jersey. *See* ZAIC Policy, D.E. 1-8, Page 2 of 153, PageID 105. Accordingly, New Jersey law governs interpretation and application of the ZAIC policy.

## B. The "Other Insurance" Clauses

The ZAIC policy includes an "Other Insurance" clause that provides in relevant part:

> a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. <u>However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:</u>
> <u>(1)Excess while it is connected to a motor vehicle you do not own</u>; or
> (2)Primary while it is connected to a covered "auto" you own.
> * * *
> d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

*See* ZAIC Policy, D.E. 1-8, Page 58 of 153, PageID 161. (Emphasis added).

The Gemini policy includes an "Other Insurance" clause that provides in relevant part:

> a. This insurance is excess over and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this policy.
> When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer

3

defends, we will have the right to do so, but we will be entitled to the insured's rights against all those other insurers.

*See* Gemini Policy, D.E. 1-3, Page 28 of 44, PageID 63.

## C. <u>The Gemini policy is a primary policy</u>

As a threshold matter, Gemini mischaracterizes its policy as an "excess policy" issued to FSR Trucking, Inc. ("FSR"). *See* Gemini's Brief in Opposition to ZAIC's Motion to Dismiss, Page 2 of 15, PageID 330 (D.E. 19). Gemini overlooks that the three (3) policies at issue in this litigation were each <u>primary</u> policies issued to three (3) <u>different named insureds</u>. Specifically, Gemini issued a <u>primary</u> policy to its <u>named insured</u> FSR Trucking, Inc. ("FSR"), who was the employer of the driver/operator of the tractor-trailer involved in the auto accident that forms the basis for this litigation (the "Underlying Claim"). *See* Gemini's Complaint, ¶ 7 and 10 (D.E. 1). ZAIC issued a primary policy to its named insured, Commercial. Trailer Leasing, Inc. ("CTL"), who was the owner of the trailer involved in the Underlying Claim. *Id*. at ¶ 8 and 15 (D.E. 1). Old Republic Insurance Company issued a primary policy to its named insured, Ryder Truck Rental, Inc. ("Ryder"), who was the owner of the tractor involved in the Underlying Claim.  *Id*. at ¶ 8 and 9 (D.E. 1). Accordingly, each of the above insurers provided primary insurance to separate named insureds, subject to their respective "Other Insurance" provisions; none of which provided true "excess" or "umbrella" coverage. *Id*. at ¶9, 10 and 15.

While the Gemini policy was a primary auto policy that was subject to satisfaction of a "retained amount" of $1 million, the retention does not and cannot

transform the Gemini policy into a true "excess policy" under Florida law. As was addressed in ZAIC's Motion to Dismiss, Florida courts have long held that when a policy is subject to a "self insured retention" or "retained amount", that it does not render the policy "excess" insurance. *Intervest Constr. of Jax, Inc. v. Gen. Fid. Ins. Co.,* 133 So. 3d 494, 505 (Fla. 2014)(holding that an insured could use an indemnity payment made by an indemnitor's insurer, in satisfaction of its SIR obligation under its own policy). In its Brief in Opposition (D.E. 19), Gemini acknowledged that the fact that the retained limit under the Gemini policy was satisfied by an indemnitor's insurer (Old Republic Insurance Company), means that one of the predicates to coverage was satisfied. Gemini contends that principles of policy interpretation also require the Court to compare the applicable "Other Insurance" clauses to determine priority of coverage. ZAIC does not disagree with the proposition that "courts should reach each policy as a whole, endeavoring to give every provision its full meaning and operative effect", which includes review and comparison of "Other Insurance" clauses. *Auto-Owners Ins. Co. v. Anderson,* 756 So. 2d 29, 34 (Fla. 2020).

### D. Comparison of the "Other Insurance" provisions does not render the Gemini policy excess over ZAIC

Gemini attempts to split hairs with its position that the "Other Insurance" clause in the Gemini policy is essentially *more excess* than the ZAIC policy, and therefore widely accepted principles of mutual repugnancy should not apply. *See Twin City Fire Ins. Co. v. Fireman's Fund Ins. Co.*, 386 F. Supp. 2d 1272, 1278 (S.D. Fla. 2005), aff'd sub nom. *Fireman's Fund Ins. Co. v. Twin City Fire Ins.*, 200 Fed. Appx. 953 (11th

Cir. 2006)(applying Florida law)("where two policies cover the same occurrence and both contain 'other insurance' clauses, the excess insurance provisions are mutually repugnant and must be disregarded. Each insurer is then liable for a *pro rata* share of the settlement or judgment.").

The <u>only</u> case Gemini relies on for the proposition that the "Other Insurance" language in the Gemini policy should be read as excess to the ZAIC policy is *Aetna Casualty & Surety Company v. Beane*, 385 So.2d 1087 (Fla. 4th DCA 1980). There, the court held that the phrase "shall not contribute with…" (the same provision in the Gemini policy) made the policy excess to a policy that stated it would be "excess insurance over any other valid and collectible insurance". *Id.* at 1090. However, the *Aetna* decision is distinguishable from the case at bar. In *Aetna*, the court was <u>differentiating "Other Insurance" clauses between an **excess policy** and what was</u> <u>actually a **primary policy**</u> (i.e., the court subordinated a primary policy, made excess by a non-ownership clause, **to an actual umbrella policy**). Indeed, this distinction was noted by the U.S. District Court in *Fed. Ins. Co. v. Am. Home Assur. Co.*, 664 F.Supp.2d 397, 411 (S.D. Fla. 2009), where the court rejected an insurer's attempt to rely on the *Aetna* decision to argue the mutual repugnancy rule did not apply, and that one policy should be rendered excess over the other. Specifically, in *Fed. Ins.*, the two policies involved the following "other insurance" provisions:

NUIC:

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance.

However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

<u>Federal Umbrella:</u>

If other insurance applies to claims covered by this policy, the insurance under this policy is excess and we will not make any payments until the other insurance has been exhausted by payment of claims. This insurance is not subject to the terms and conditions of any other insurance.

Federal argued that the phrase "will not make any payments until…" rendered its policy excess to the NUIC policy. The court rejected Federal's position and concluded that both policies were written to provide coverage beyond primary business auto and general liability policies and "<u>although their precise language varies, the Court finds that they are incompatible</u>". *Id.* (Emphasis added). As well, the court explained to give effect to Federal's "other insurance" clause would be to ignore NUIC's, and "[o]ne insurance company may not attempt to rewrite the policy of another insurance company". *Id.* (citing *Allstate Ins. Co. v. TIG Ins. Co.*, 711 So. 2d 84, 86 (Fla. 1st DCA 1998)). Accordingly, the court concluded that the "other insurance" clauses were mutually repugnant and that both NUIC and Federal were required to contribute equally to the remainder of the settlement.

Similarly, in *AIG Premier Ins. Co. v. RLI Ins. Co.*, 812 F.Supp.2d 1315 (S.D. Fla. 2011), the court compared the following to "other insurance" provisions:

<u>AIG:</u>

If other valid and collectible insurance applies to a loss that is also

covered by this Policy, and subject to the Limits of Insurance Section of this Policy, this Policy shall apply excess of other insurance, whether the insurance is primary, excess, contingent, or issued on any other basis. This provision, however, shall not apply if the other insurance is specifically written to be in excess of this Policy.

RLI:

There may be other collectible insurance, in addition to the Basic Policies, covering a claim which is also covered by this policy. If this occurs, the other insurance will pay first and this policy will respond <u>in excess of, and not contribute with, the other insurance</u>.

The court concluded that both provisions were mutually repugnant (under Florida law that applied to the RLI policy; and under New York law that applied to the AIG policy). *Id.* Therefore, the court held that both insurers were liable for a *pro rata* share of the settlement determined by the policy limits in relation to the loss. *Id.* The court reasoned that because both policies were styled as umbrella policies, they were both liable for a *pro rata* share of the settlement determined by their policy limits in relation to the loss.

Similar conclusions have been reached under New Jersey law. For example, in *Sonoco Products Co., Inc. v. Fire & Cas. Ins. Co. of Connecticut*, 337 N.J. Super. 568 (2001), the court explained that the NJ Supreme Court has rejected the approach taken by many courts of reconciling conflicting "Other Insurance" provisions so "that one, but not both, of such provisions must yield in order to establish one policy as the 'primary'

8

insurance upon which the 'other insurance' provision of the 'secondary' policy might operate." *Id*. at 576-77. *(citing Starks v. Hospital Serv. Plan of N.J. Inc.*, 182 N.J. Super. 342, 352 (App. Div. 1981), aff'd, 91 N.J. 433 (1982)). The court explained that such "mutually repugnant" provisions become inoperative, and that general coverage of each policy applies, such that "each company is obligated to share in the cost of the settlement and expenses." *Id*. 577. In *Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.*, 28 N.J. 554, 561(1959), the NJ Supreme Court explained:

> Both policies evidence the same intent with respect to insuring the risk and also with respect to avoiding liability in the event of adequate coverage by another carrier where the intent is clear, the fact that one of the insurers stated its intent more specifically than the other is not significant.

Here, Gemini is attempting to do what the NJ Supreme Court cautioned against in *Cosmopolitan*, to wit:  render its policy excess above the ZAIC policy, despite that both policies evidence the same intent with respect to insuring the risk on a <u>primary basis</u>, subject to similar "excess", "other insurance" provisions. As set forth above, the "other insurance" clause in the Gemini policy attempts to render its policy "excess" over any other insurance, except for those policies specifically written as excess over the Gemini policy. Similarly, the "other insurance" clause in the ZAIC policy also attempts to render its policy excess over any other collectible insurance while a covered auto that is a trailer, is connected to another vehicle that the named insured does not own (exactly the facts of this case). The mere fact that the precise language varies in the respective "other insurance" clauses, or that Gemini may have stated its intent to be "excess" "other insurance" more specifically than ZAIC, does not alter the clear

intent of the policies to afford <u>primary coverage</u>, subject to "excess" "other insurance" clauses. Gemini's efforts to somehow re-write the ZAIC policy so that it is subordinate to the Gemini policy, despite that both the ZAIC and Gemini policies are written as true primary policies, is contrary to both Florida and New Jersey law. In accord with the mutual repugnancy rules, "other insurance" clauses in the ZAIC and Gemini must be disregarded, and each insurer should be liable for a *pro rata* share of the settlement. *See Fireman's Fund*, *surpa*.

WHEREFORE, Defendant, ZURICH AMERICAN INSURANCE COMPANY, respectfully requests Court grant its Motion to Dismiss with Prejudice (D.E. 18), and/or in the alternative, enter Judgment in favor of ZAIC, finding that the Gemini policy is not excess over the ZAIC policy, as we matter of law.

Dated this 12th of April, 2022.

Respectfully submitted,

By: *s/ Ilana B. Olman*
DOUGLAS M. MCINTOSH
Florida Bar No.: 325597
dmcintosh@smsm.com
**ILANA B. OLMAN**
Florida Bar No.: 106066
iolman@smsm.com
SEGAL McCAMBRIDGE
SINGER & MAHONEY
200 East Las Olas Boulevard
Suite 1820
Fort Lauderdale, Florida 33301
Telephone:   954-765-1001
Facsimile:    954-765-1005
*Attorneys for Defendant Zurich*
*American Insurance Company*

CASE NO: 2:21-cv-00105-JLB-MRM

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that on the 12th day of April, 2022, we electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. We also certify the foregoing document is being served this day on all counsel or parties of record on the attached Service List in the manner specified, via transmission of Notice of Electronic Filing generated by CM/ECF and electronic mail.

SEGAL McCAMBRIDGE
SINGER & MAHONEY, LTD.
*Attorneys for Defendant*
200 East Las Olas Boulevard
Suite 1820
Fort Lauderdale, FL 33301
Telephone:   954-765-1001
Facsimile:    954-765-1005

By: *s/ Ilana B. Olman*
    DOUGLAS M. MCINTOSH
    Florida Bar No.: 325597
    dmcintosh@smsm.com
    **ILANA B. OLMAN**
    Florida Bar No.: 106066
    iolman@smsm.com

    dmmpleadings@smsm.com
    *(for email service only)*

### <u>SERVICE LIST</u>

| Melissa A. Santalone, Esquire | Philip W. Savrin, Esquire |
|---|---|
| msantalone@fmglaw.com | psavrin@fmglaw.com |
| kjones@fmglaw.com | FREEMAN MATHIS & GARY, LLP |
| FREEMAN MATHIS & GARY, LLP | 100 Galleria Parkway, Suite 1600 |
| 2502 N. Rocky Point Drive, Suite 860 | Atlanta, Georgia  30339 |
| Tampa, Florida  33607 | Telephone: (770) 818 - 0000 |
| Telephone: (813) 774 - 6363 | Facsimile:  (770) 937 - 9960 |
| Facsimile:  (813) 868 - 7733 | *Attorney for Plaintiff* |
| *Attorney for Plaintiff* | |

11