UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEMINI INSURANCE COMPANY,

    Plaintiff,

v.                                                       Case No. 8:21-cv-2052-TPB-SPF

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on "Defendant, Zurich American Insurance Company's Motion for Summary Judgment" (Doc. 41), and Plaintiff's "Motion for Summary Judgment and Brief in Support" (Doc. 42), both filed on June 15, 2022. On June 29, 2022, the parties filed responses in opposition to the respective motions. (Docs. 44; 45). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

**<u>Background</u>**

On March 19, 2018, a tractor-trailer driven by an employee of FSR Trucking Inc. ("FSR") struck and killed Josue Vallejo. FSR and its driver were insured under an insurance policy issued by Old Republic Insurance Company ("ORIC") to Ryder, with a limit of $1 million. FSR was also insured by Plaintiff Gemini Insurance Company under a policy with a limit of $3 million. And CTL was insured under a policy issued by Defendant Zurich American Insurance Company ("Zurich") with a limit of $1 million.

After Vallejo's death, his estate demanded payment of the $1 million limit under the ORIC policy to settle the underlying claim. Vallejo's estate subsequently learned of the Gemini policy and instead demanded the $3 million limit. Gemini responded to that demand, requested additional information, and informed Vallejo's estate of the Zurich insurance policy that covered the trailer.

On January 14, 2019, the Vallejo estate, Gemini, and ORIC met for mediation. Defendant Zurich was invited but did not attend. The mediation resulted in a $3 million settlement, with ORIC paying $1 million and Gemini paying $2 million. After the mediation, Gemini sent letters to Zurich seeking payment of $1 million, contending that Zurich owed that portion of the settlement. Zurich acknowledged that their policy covered the accident but declined to pay.

On August 25, 2021, Plaintiff filed a three-count complaint seeking declaratory judgment, contractual subrogation, and equitable subrogation. Zurich has since paid a *pro rata* share of $500,000 toward the settlement, but it has not paid the $1 million policy limit. The parties now move for summary judgment.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

It is well-settled that "the interpretation of an insurance policy is a question of law to be decided by the Court." *Desai v. Navigators Ins. Co.*, 400 F. Supp. 3d 1280, 1288 (M.D. Fla. 2019) (citing *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,

143 F. Supp. 3d 1283, 1292 (S.D. Fla. 2015); *see also Chestnut Associates, Inc. v. Assurance Co. of America*, 17 F. Supp. 3d 1203, 1209 (M.D. Fla. 2014); *Szczeklik v. Markel Intern. Ins. Co., Ltd.*, 942 F. Supp. 2d 1254, 1259 (M.D. Fla. 2013).

## Analysis

Federal courts apply state law in construing insurance policies, and the parties agree that Florida law governs this dispute. *See Travelers Indem. Co. v. PCR Inc.*, 326 F.3d 1190, 1193 (11th Cir. 2003). In Florida, "insurance contracts must be construed in accordance with the plain language of the policy." *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003); *see Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, v. *Travelers Ins. Co.*, 214 F.3d 1269, 1272 (11th Cir. 2000) ("In apportioning contractual responsibilities among multiple insurers, this court has recognized that Florida law is quite clear that the parties' intent is to be measured solely by the language of the policies unless the language is ambiguous." (quotation marks omitted)).

In particular, Florida courts give "careful attention to the other insurance clauses," which describe what occurs if other insurance coverage is available for the specific loss. *See Am. States Ins. Co. v. Baroletti*, 566 So. 2d 314, 316 (Fla. 2d DCA 1990) (quotation marks omitted); *Tobin v. Mich. Mut. Ins. Co.*, 948 So. 2d 314, 316 (Fla. 2d DCA 1990) (quotation marks omitted).

This case involves three insurance policies covering the same accident, each of which contains "other insurance" clauses that seek to escape or limit liability if other insurance applies. The ORIC policy has been paid in full and has not been challenged in this case so the Court must therefore determine how to apply the Gemini and

Zurich policies' excess clauses, which each provide that the policy is excess over other insurance. The Gemini policy states that "[t]his insurance is excess over and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis." The Zurich policy states that "[w]hen this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share." Gemini contends that its policy is excess to the Zurich coverage, which should result in Zurich paying its full $1 million limit before Gemini pays anything for the underlying claim. Zurich argues that the Gemini policy is not excess to the Zurich policy so that the two companies should pay *pro rata* apportionment for the underlying claim.

In Florida, "where two or more policies that apparently cover the same loss both contain excess 'other insurance' provisions, the clauses are deemed 'mutually repugnant.'" *Keenan Hopkins Schmidt and Stowell Contractors, Inc. v. Cont'l Cas. Co.*, 613 F.Supp.2d 1255, 1263 (M.D. Fla. 2009). This results in "apportioning the policies on a *pro rata* basis determined by the policy limits in relation to the loss." *Allstate Ins. Co. v. Exec. Car & Truck Leasing, Inc.*, 494 So. 2d 487, 489 (Fla. 1986). The reason for this is simple – "where two policies both have excess clauses, there is no direct way to determine which should be treated as excess simply by reference to the policies." *Twin City Fire Ins. Co. v. Fireman's Fund Ins. Co.* 386 F.Supp.2d 1272, 1278 (S.D. Fla. 2005). Upon review, the Court finds that the Zurich and Gemini policies demonstrate an intent to attach at the same level of excess. Because this renders the policies mutually repugnant, the Court is required to apportion the payment on a *pro rata* basis.

Although Gemini acknowledges that excess insurance clauses typically negate one another, it argues that its policy's "and shall not contribute" language renders it distinguishable from Zurich's policy, which lacks such language. Because the two policies have different terms, Gemini argues, this Court should give them different meaning even though they are both excess clauses[1]. Although it is a close call as to whether the phrase "and shall not contribute" logically connotes an additional level of excess, "courts in Florida do not explicitly recognize that departure from the ratable contribution rule is proper when it would 'clearly distort' the plain meaning of the policies." *AIG Premier Ins. Co. v. RLI Ins. Co.* 812 F.Supp.2d 1315, 1324 (M.D. Fla. 2011) (comparing Florida law with New York law, which does allow for departure from ratable contribution when it would distort plain meaning).

Far from "clearly distorting" the meaning of the two policies, attaching the Gemini policy at the same level as the Zurich policy would be consistent with both a plain reading of the policies' language and precedent in this jurisdiction. *See id.* at 1324-25 (noting that "shall not contribute" language is not distorted if treated as equal to another excess clause without such language and enforcing mutual repugnancy between two similar clauses); *see also American Cas. Co. of Reading Pennsyvlania v. Health Care Indem., Inc.*, 613 F. Supp. 2d 1310, 1318 (M.D. Fla. 2009) ("To this Court's knowledge, Florida law does not recognize a "super excess" other insurance clause."). In this case, the Zurich and Gemini policies both cover the same accident, and both

---

[1]Florida law is not entirely clear in this area. *Compare Aetna Casualty & Sur. Co. v. Beane*, 385 So. 2d 1087, 1090 (Fla. 4th DCA 1980) (holding that coverage should not be prorated where one policy's excess clause provided that the policy "shall not contribute" with other insurance), *with AIG Premier Ins. Co*, 812 F.Supp.2d at 1315 (distinguishing *Beane* as involving an umbrella policy and prorating coverage between excess clauses despite "shall not contribute" language in one of the clauses).

contain excess clauses.  Applying Florida's mutual repugnancy rule leaves each party liable for a *pro rata* share of the settlement.  As such, Defendant Zurich's motion for summary judgment will be granted, and Plaintiff's motion for summary judgment will be denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, Zurich American Insurance Company's Motion for Summary Judgment" (Doc. 41) is hereby **GRANTED**.

2. Plaintiff's "Motion for Summary Judgment" (Doc. 42) is **DENIED**.

3. The parties are directed to confer and submit a proposed final judgment on or before August 28, 2022. If, after conferring, they cannot agree on a proposed judgment, each party may submit a separate proposal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of August, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**